# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/16/2024 6:57 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Reyna, Deputy Clerk

**MARDEN LAW, INC.**
Ryan K. Marden (SBN 217709)
18012 Cowan, Suite 200
Irvine, CA 92614
Tel: (714) 822-4450
Email: rmarden@marden-law.com

Attorney for Plaintiff
STANLEY SANGHOON KWAK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STANLEY SANGHOON KWAK,<br><br>                Plaintiff,<br><br>        vs.<br><br>GENERAL   MOTORS,   LLC,   a   limited<br>liability company; and DOES 1 through 10,<br>inclusive,<br><br>                Defendants. | CASE NO.:  24CHCV04640<br><br>**COMPLAINT RE: VIOLATION OF THE<br>SONG-BEVERLY CONSUMER<br>WARRANTY ACT**<br><br>1.  **VIOLATION OF SONG-<br>    BEVERLY ACT-BREACH OF<br>    EXPRESS WARRANTY**<br><br>2.  **VIOLATION OF SONG-BEVERLY<br>    ACT-BREACH OF IMPLIED<br>    WARRANTY**<br><br>3.  **VIOLATION OF SONG-BEVERLY<br>    ACT-SECTION 1793.2**<br><br>4.  **VIOLATION OF BUSINESS &<br>    PROFESSIONS CODE 17200**<br><br>5.  **NEGLIGENT REPAIR** |

PLAINTIFF STANLEY SANGHOON KWAK (hereinafter referred to as "PLAINTIFF')

hereby alleges as follows:

///

///

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION:**

1.     Plaintiff is an individual residing in the City of FULLERTON, County of ORANGE, and the State of CALIFORNIA.

2.     PLAINTIFF is informed and believes, and thereon alleges, Defendant GENERAL MOTORS, LLC is registered to do business in the State of CALIFORNIA.

3.     Defendant is and was a limited liability company, doing business in the State of California.

4.     These causes of action arise out of the warranty and repair obligations of GENERAL MOTORS in connection with a vehicle purchased by PLAINTIFF and for which GENERAL MOTORS issued a written warranty and 's breach of its duty to PLAINTIFF related to the standard of care for repair, storage, and notation of work performed. The claim against is a discrete tort action, not based on any contract between PLAINTIFF and GENERAL MOTORS, including but not limited to the purchase or warranty contracts.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sue these Defendants by such fictitious names, and PLAINTIFF will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.  PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to PLAINTIFF as herein alleged.

6.     PLAINTIFF is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. PLAINTIFF is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or. employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants,

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

2

principals, and/or employers.

7.     PLAINTIFF is informed and believes, and thereon alleges, that Defendants GENERAL MOTORS and/or DOES 1 through 10, inclusive, and each of them (hereinafter individually and collectively referred to as the "GENERAL MOTORS"), manufactured and/or distributed, in the United States and the State of California, a consumer good identified as a 2023 Chevrolet Corvette, VIN: 1G1YA2D46P5115569 (hereinafter referred to as the "SUBJECT VEHICLE"), for its eventual sale to retail buyers.

8.     At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor vehicle" as defined at Civil Code§ 1 793.22(e)(2) of the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790 et seq. (hereinafter referred to as the "ACT"), in that said SUBJECT VEHICLE was a new motor vehicle purchased with the GENERAL MOTOR'S new car warranty.

9.     On or about NOVEMBER 11, 2022, PLAINTIFF acquired the SUBJECT VEHICLE for personal, family, and/or household purposes, from an authorized dealer and agent of GENERAL MOTORS and/or DOES 1 through 10, inclusive, and each of them, retail merchants authorized by GENERAL MOTORS to do business in the State of California on behalf of GENERAL MOTORS.

1 0.     The SUBJECT VEHICLE was sold to PLAINTIFF with express warranties that the SUBJECT VEHICLE would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the SUBJECT VEHICLE had defects, GENERAL MOTORS would repair the defects.

11.     GENERAL MOTORS impliedly warranted that the SUBJECT VEHICLE would be of the same quality as similar vehicles sold in the trade and that the SUBJECT VEHICLE would be fit for the ordinary purposes for which similar vehicles are used.

12.     PLAINTIFF duly performed all the conditions on his part under the purchase contract and under each of the express warranties referenced above, except insofar as the

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
3

1    acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged,

2    prevented and/or excused such performance.

3        13.    On each occasion on which the SUBJECT VEHICLE exhibited defects, non-

4    conformities, misadjustments, or malfunctions, as hereinabove described, PLAINTIFF

5    notified GENERAL MOTORS, through  or one of GENERAL MOTORS' other authorized

6    service and repair facilities, within a reasonable time after PLAINTIFF's discovery thereof.

7    On each occasion of notification, PLAINTIFF attempted to invoke the applicable

8    warranties, demanding that the authorized repair facilities repair such nonconformities

9    pursuant to the warranties.

10

11       14.    On each such occasion, Defendants, and each of them, represented to

12   PLAINTIFF that they could and would make the SUBJECT VEHICLE conform to the

13   applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE

14   However, Defendants, and each of them, failed to make the SUBJECT VEHICLE conform to

15   the applicable warranties, despite a reasonable number of attempts to do so.

16       15.    PLAINTIFF discovered that Defendants, and each of them, were unable or

17   unwilling to make the SUBJECT VEHICLE conform to the applicable warranties.

18

19

20                        **FIRST CAUSE OF ACTION**

21   Violation of the Song-Beverly Act - Breach of Express Warranty (Against Defendants

22                  GENERAL MOTORS US, LLC and DOES 1 through 10, Inclusive)

23   16.  PLAINTIFF realleges each and every paragraph contained in the GENERAL

24   ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as

25   though fully set forth herein.

26   17.  The actions of GENERAL MOTORS and Doe Defendants, and each of them, in failing

27   to perform the proper repairs, parts replacements, and/or adjustments to make the SUBJECT

28   VEHICLE conform to the applicable express warranties constitute a breach of the express

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
4

warranties that GENERAL MOTORS provided to PLAINTIFF, thereby breaching GENERAL MOTORS and Doe Defendants' obligations under the ACT.

18.  As the result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and pursuant to the provisions of the ACT, PLAINTIFF is entitled to replacement of the SUBJECT VEHICLE, or restitution of the amount actually paid or payable under the contract, at PLAINTIFF's option, plus prejudgment interest thereon at the legal rate. PLAINTIFF will seek leave of the Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when ascertained.

19.  As a further result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and pursuant to the ACT, PLAINTIFF has sustained and is entitled to incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.  PLAINTIFF will seek leave of the Court to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

20.  As a further result of the actions of GENERAL MOTORS and Doe Defendants, and each of them, and pursuant to the ACT, PLAINTIFF has sustained and is entitled to consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. PLAINTIFF will seek leave of the Court to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

21.  GENERAL MOTORS and Doe Defendants, and each of them, failed to perform the necessary repairs or service in a good and workmanlike manner.  The actions taken by GENERAL MOTORS and Doe Defendants, and each of them, were insufficient to make the SUBJECT VEHICLE conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of  GENERAL MOTORS and Doe Defendants' obligations under the ACT.

22.  Although GENERAL MOTORS and Doe Defendants, and each of them, were unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties

1  after a reasonable number of attempts, GENERAL MOTORS and Doe Defendants failed to

2  replace the SUBJECT VEHICLE or make restitution to PLAINTIFF in accordance with the

3  ACT.

4    23.  GENERAL MOTORS and Doe Defendants, and each of them, knew of their

5  obligations under the ACT but intentionally failed or dee!ined to fulfill them.

6    24.  The failure of GENERAL MOTORS and Doe Defendants, and each of them, to make

7  the SUBJECT VEHICLE conform to the applicable express warranties was willful, justifying

8  an award of a Civil Penalty as provided in the ACT in an amount not to exceed two (2) times

9  PLAINTIFF's actual damages.

10   25.  The failure of GENERAL MOTORS and Doe Defendants, and each of them, to replace

11  the SUBJECT VEHICLE or make restitution to PLAINTIFF was willful, justifying an award

12  of a civil penalty as provided in the ACT in an amount not to exceed two (2) times

13  PLAINTIFF's actual damages.

14

15   26.  GENERAL MOTORS and Doe Defendants, and each of them, knew of their

16  obligations under the ACT, but, nevertheless, defendants and each of them have had a

17  reasonable number of attempts to repair, have failed to make the SUBJECT VEHICLE

18  conform to its warranty and have failed to replace the SUBJECT VEHICLE or reimburse

19  PLAINTIFF in amount equal to the purchase price, less PLAINTIFF's use of the SUBJECT

20  VEHICLE, according to the mandates of the ACT.  The failure of GENERAL MOTORS and

21  Doe Defendants, and each of them, to refund the consideration paid and payable, or to replace

22  the SUBJECT VEHJCLE with a similar vehicle free from defects, was willful and justifies an

23  award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual

24  dan1ages, as provided in the ACT.

25

26   27.  As a direct result of the actions of GENERAL MOTORS and Doe Defendants,

27   and each of them, and in pursuing PLAfNTJFF's claim, it was necessary for PLAINTIFF to

28  retain legal counsel. Pursuant to the ACT, PLAINTIFF is entitled to the recovery of attorneys'

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

6

fees based upon actual time expended, and to the recovery of all costs and expenses
reasonably incurred in pursuing this matter.

### SECOND CAUSE OF ACTION

Violation of the Song-Beverly Act - Breach of Implied Warranty (Against Defendants
GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

28. PLAINTIFF realleges each and every paragraph contained in the GENERAL
ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though
fully set forth at length herein.

` 29. At the time that GENERAL MOTORS distributed the SUBJECT VEHICLE into
commerce, and at the time that PLAINTIFF acquired the SUBJECT VEHICLE, Defendants,
and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as
provided in the ACT.

30. The SUBJECT VEHICLE was not merchantable, as evidenced by the defects, non-
conformities, maladjustments, and/or malfunctions as hereinabove alleged.

31. As the result of the actions of Defendants, and each of them, PLAINTIFF has
sustained damage in the amount actually paid or payable under the contract, plus prejudgment
interest thereon at the legal rate. PLAINTIFF will seek leave to amend this Complaint to set
forth the exact amount thereof when ascertained.

32. As a further result of the actions of Defendants, and each of them, PLAINTIFF has
sustained incidental damages in an amount yet to be determined, plus interest thereon at the
legal rate. PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount of
incidental damages when ascertained.

33. As a further result of the actions of Defendants, and each of them, PLAINTIFF has
sustained consequential damages in an amount yet to be determined, plus interest thereon at the
legal rate. PLAINTIFF will seek leave to amend this Complaint to set forth the exact amount of

consequential damages when ascertained.

34. The failure of Defendants, and each of them, to refund the consideration paid and payable, or to replace the SUBJECT VEHICLE with a similar vehicle free from defects, justifies an award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual damages, as provided in the ACT.

35.   As a direct result of the actions of Defendants, and each of them, and in pursuing PLAINTIFF's claim, it was necessary for PLAINTIFF to retain legal counsel. Pursuant to the ACT, PLAINTIFF is entitled to the recovery of attorneys' fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

### THIRD CAUSE OF ACTION

Violation of the Song-Beverly Act - Section 1793.2

(Against Defendants GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

36.   PLAINTIFF incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

37.   Pursuant to the Act, Civil Code section 1793.2, subdivision (a), a GENERAL MOTORS that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authoi_-ize independent service and repair facilities to carry out the terms of those warranties.

38.   Pursuant to the Act, Civil Code section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform to the applicable express warranties, service and repair shall be commenced within a reasonable time by the GENERAL MOTORS or its representative.

39.   Pursuant to the Act, Civil Code section 1793.2, subdivision (b), goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

40.  PLAINTIFF delivered the SUBJECT VEHICLE to GENERAL MOTORS and its authorized repair facilities for repair of the nonconformities.

41.  Defendant GENERAL MOTORS and/or DOES I through 10, through its authorized repair facilities, was unable to conform the SUBJECT VEHICLE to the applicable express warranties within 30 days.

42.  Notwithstanding PLAINTIFF's entitlement, Defendant GENERAL MOTORS and/or DOES 1 through 10 has failed to either promptly replace or repurchase the SUBJECT VEHICLE in accordance with the Act.

43. By failure of Defendant GENERAL MOTORS and/or DOES 1 through 10 to remedy the defects as alleged above, or to repurchase or replace the SUBJECT VEHICLE, Defendant GENERAL MOTORS and/or DOES 1 through 30 is in breach of its obligations under the Act.

44.  Under the Act, PLAINTIFF is entitled to damages pursuant to Civil Code section 1794, et seq.

45.  PLAINTIFF is entitled to recover all incidental and consequential damages pursuant to 1794 et seq. and Commercial Code, sections 2714 and 2715, et seq.

46. PLAINTIFF is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

47.  PLAINTIFF is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for GENERAL MOTORS 's willful failure to comply with its responsibilities under the Act..

48.  PLAINTIFF is entitled to prejudgment interest pursuant to Civil Code section 3287.


## FOURTH CAUSE OF ACTION

Violation of Business & Professions Code Section 17200 (Against Defendants GENERAL MOTORS US, LLC and/or DOES 1 through 10, Inclusive)

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

9

49.  Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

50.  The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

## A. "Unfair Prong"

51.  Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

52.  Defendant's action of manufacturing, marketing and distributing a vehicle which was not fit for its intended purpose did not confer any benefit to Plaintiff.

53.  Defendant's action manufacturing, marketing and distributing a vehicle which was not fit for its intended purpose to consumers like Plaintiff, who cannot use their vehicle commensurate with their reasonable expectations.

54.  Defendant's action of using a defective battery in the vehicle causes injuries to Plaintiff, who ended up overpaying for the vehicle and receiving a quality of vehicle less than what they expected to receive.

55.  Plaintiff cannot avoid any of the injuries caused by the defective battery in the vehicle.

56.  Accordingly, the injuries caused by Defendant's use of the defective battery in the vehicle outweigh any benefits.

57.  As alleged herein, the misrepresentations by Defendant detailed above constitute an unfair practice that poses a threatening impact on competition within the meaning of California Business and Professions Code Section 17200.

58.  Defendant's marketing of the vehicle, as alleged herein, is false, deceptive,

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

10

misleading, and unreasonable, and constitutes unfair conduct.

59. Defendant knew or should have known of their unfair conduct.

60. There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct alleged herein.

61. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

62. Plaintiff has suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this vehicle. Plaintiff would not have purchased the vehicle if they had known that the vehicle was defective.

**B. "Fraudulent" Prong**

63. California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

64. Defendant's conduct of marketing and distributing a defective vehicle at the point of sale without notifying prospective consumers that the vehicle is unsafe, is likely to deceive members of the public.

65. Defendant's sale of a defective vehicle, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

66. Defendant knew or should have known of their fraudulent conduct.

67. As alleged herein, the misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

68. Defendant had reasonably available alternatives to further its legitimate business

---

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

11

interests other than the conduct described herein.

69. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

70. Plaintiff has suffered injury in fact and has lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for this vehicle.

## C. "Unlawful" Prong

71. Defendant's conduct, as alleged in the preceding paragraphs, violates California Business and Professions Code Section 17500, *et. seq.*

72. Defendant's marketing, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

73. Defendant knew or should have known of its unlawful conduct.

74. As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

75. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct alleged herein.

76. All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

77. Plaintiff has suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this vehicle unfit for normal use.

78. As a result of the business acts and practices described above, Plaintiff, pursuant to § 17203, is entitled to an order enjoining such future wrongful conduct on the part of Defendant

and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the vehicle as a result of the wrongful conduct of Defendant.

79. Pursuant to Civil Code § 3287(a), Plaintiff is entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff is entitled to interest in an amount according to proof.

80. Plaintiff has suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's misrepresentations and their concealment of and failure to disclose material information. Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff seeks an order enjoining Defendant's unfair and/or deceptive acts or practices, any such orders or judgments as may be necessary to restore to Plaintiff any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §§ 17203 and 3345, and any other just and proper relief available under the California UCL.

**FIFTH CAUSE OF ACTION**

Negligent Repair

(Against Defendants and

DOES 1-10, Inclusive)

81. PLAINTIFF incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

82. PLAINTIFF delivered the SUBJECT VEHICLE to Defendant #Matter.Dealership or Corporate Name-Defendant 2#, and/or DOES 1 through 10 for repair.

83. and/or DOES 1 through 10 owed a duty to PLAINTIFF to use ordinary care and skill in storage, preparation, and repair the SUBJECT VEHICLE in accordance with industry

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

13

standards. This duty exists separate and apart from any duty between PLAINTIFF and

GENERAL MOTORS, and the economic loss rule does not apply. (Sw. Forest Indus., Inc. v.

Westinghouse Elec. Corp. (9th Cir. 1970) 422 P.2d l 013, 1020; North American Chemical Co.

v. Sup. Ct. (1997) 59 Cal.App.4th 764, 777; see also Robinson Helicopter Co., Inc. v. Dana

Corp. (2004) 34 Cal.4th 979, 988.)

84.   and/or DOES 1 through 10 breached its duty to PLAINTIFF to use ordinary care and

skill by failing to properly store, prepare and repair the SUBJECT VEHICLE in accordance

with industry standards. A negligent breach of this duty constitutes a tort.

85. PLAINTIFF alleges that  and/or DOES 1 through q0 negligently performed the services

of storing, preparing, and repairing the SUBJECT VEHICLE.

86.   and/or DOES 31 through 40 owed a duty to PLAINTIFF per California Business &

Professions Code section 9884.8 to record and describe all work on the invoice given to

PLAINTIFF.

87.   and/or DOES 1 through 10 breached its duty to PLAINTIFF per California Business &

Professions Code section 9884.8 to record and describe all work on the invoices given to

PLAINTIFF. A negligent breach of this duty constitutes a tort.

88. and/or DOES 1 through 10's negligent breach of its duties owed to PLAINTIFF were a

proximate cause of PLAINTIFF's damages.

89.   PLAINTIFF's negligent repair cause of action against  and/or DOES 1 through 10 is

independent from PLAINTIFF's Song-Beverly Act causes of action against GENERAL

MOTORS alleged above.

90.   As a direct, proximate, and legal result of  and/or DOES 1 through 10's negligence,

PLAINTIFF has been harmed in an amount according to proof at trial. PLAINTIFF's harms,

directly and proximately caused by  and/or DOES 1 through 10 include, but are not limited to,

damage to the SUBJECT VEHICLE, loss of the SUBJECT VEHICLE's use, and emotional

distress.

**COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

14

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

**PRAYER FOR RELIEF**

a. For general, special and actual damages according to proof at trial;

b. For rescission of the purchase contract and restitution of all monies expended;

c. For compensatory damages; for diminution in value;

d. For incidental and consequential damages according to proof at trial;

e. For civil penalty in the amount of two times PLAINTIFF's actual, incidental, and consequential damages;

f. Restitution and/or disgorgement in an amount to be determined at trial;

g. For prejudgment interest at the legal rate of 10% per annum;

h. For actual attorney's fees and costs of suit; and

i. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 12, 2024

MARDEN LAW, INC.

RYAN K. MARDEN
Attorney for Plaintiff

COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

15

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ryan K. Marden (SBN 217709)<br>Marden Law, Inc.<br>18012 Cowan Suite 200 Irvine, CA 92614<br>TELEPHONE NO.: 714-822-4450    FAX NO.:<br>EMAIL ADDRESS: rmarden@marden-law.com<br>ATTORNEY FOR *(Name):* STANLEY SANGHOON KWAK | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/16/2024 6:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Reyna, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth Courthouse

CASE NAME:
STANLEY SANGHOON KWAK vs. GENERAL MOTORS, LLC, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $35,000) ☐ Limited (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **24CHCV04640**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☒ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 12, 2024

Ryan K. Marden                    ▶        /s/ Ryan K. Marden
_____(TYPE OR PRINT NAME)_____        _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| STANLEY SANGHOON KWAK vs. GENERAL MOTORS, LLC, et. al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| STANLEY SANGHOON KWAK vs. GENERAL MOTORS, LLC, et. al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☑ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| STANLEY SANGHOON KWAK vs. GENERAL MOTORS, LLC, et. al. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/<br>Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real<br>Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer<br>– Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer<br>– Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer<br>– Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer<br>– Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re<br>Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial<br>Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| STANLEY SANGHOON KWAK vs. GENERAL MOTORS, LLC, et. al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23                  CIVIL CASE COVER SHEET ADDENDUM                  LASC Local Rule 2.3
For Mandatory Use                            AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| STANLEY SANGHOON KWAK vs. GENERAL MOTORS, LLC. et. al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>18600 DEVONSHIRE ST. | | |
|---|---|---|---|
| CITY:<br>NORTHRIDGE | STATE:<br>CA | ZIP CODE:<br>91324 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___North Valley___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _12/12/2024_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Miza

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL                       )
                                )
                                )
                                )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a)  **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b)  **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c)  **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d)  **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1 1) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3 Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4 Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7 and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8 Supervising Judge and/or Presiding Judge.

9

10 DATED:  May 3, 2019                      

11                                           KEVIN C. BRAZILE

12                                           Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

   a. **The Civil Mediation Vendor Resource List**
      If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

   b. **Los Angeles County Dispute Resolution Programs**
      https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

      Day of trial mediation programs have been paused until further notice.

      **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

   c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/16/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Reyna _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24CHCV04640 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Andrew E. Cooper | F51 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 12/17/2024 _____                    By S. Reyna _____, Deputy Clerk
        (Date)

LACIV 190 (Rev 6/18)                    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
        https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm